UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA M., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Acting Commissioner of Social Security,[1] <br><br> Defendant. | Case No.:  20-cv-1271-DEB <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) AND/OR 1383(d)(2)** <br><br> **[DKT. NO. 19]** |

Before the Court is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) and/or 1383(d)(2). Dkt. No. 19. Plaintiff does not oppose the Motion, and the Commissioner takes no position.[2] Dkt. No. 21.

For the reasons set forth below, the Court **GRANTS** the Motion.

//

//

---

[1] Martin O'Malley is substituted for Andrew Saul pursuant to Fed. R. Civ. P. 25(d).

[2] In his response, the Commissioner asserts he "has no direct financial stake in the outcome of this motion" and "neither supports nor opposes counsel's request for attorney's fees." Dkt. No. 21 at 2.

## I. BACKGROUND

Plaintiff Gloria M. initiated this case in 2020, seeking review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits. Dkt. No. 1. Several weeks after Plaintiff moved for summary judgment, the parties stipulated to remand this matter for further administrative proceedings. Dkt. Nos. 13, 14. The Court granted the parties' joint motion and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 15. Pursuant to another joint motion, the Court awarded Plaintiff $3,041.67 in attorney fees under the Equal Access for Justice Act ("EAJA"). Dkt. No. 18.

On remand, the Commissioner issued a decision favorable to Plaintiff and awarded $60,876 in past-due disability benefits. Dkt. No. 19 at 3, 5; Dkt. No. 19-5. The Commissioner withheld $15,219 from the past-due benefits in the event Plaintiff's counsel requested payment of fees. Dkt. No. 19-5 at 2.

## II. LEGAL STANDARD

Pursuant to the Social Security Act, attorneys may seek "a reasonable fee" for cases in which they have successfully represented Social Security claimants. 42 U.S.C. § 406(b)(1)(A). This fee cannot exceed "25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." *Id*.; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Within the 25 percent [statutory] boundary . . ., the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

The Court "must 'approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). In evaluating the reasonableness of the fee award, the Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citations omitted). The Court also "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citation omitted).

Finally, the § 406(b) fee award must be offset by any prior award of attorney's fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [i.e., the EAJA and 42 U.S.C. § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (citation omitted).

### III.   DISCUSSION

Plaintiff's counsel seeks attorney fees in the amount of $8,019 for representing Plaintiff in this action, offset by the $3,041.67 in EAJA fees awarded by the Court, for a net award of $4,977.33. Dkt. No. 19 at 1–2. The Court has conducted an independent inquiry of the proposed fee award and finds it is reasonable and does not constitute a windfall.

Plaintiff and counsel agreed to a contingent-fee agreement where counsel receives 25 percent of Plaintiff's past-due benefits. Dkt. No. 19 at 5; Dkt. No. 19-3. Counsel substantially reduced the attorney fees from $15,219—the maximum allowed under the contingency agreement and 42 U.S.C. § 406(b)—to $8,019 (13.17 percent of the past-due award). Counsel expended 14.5 hours on this case. Dkt. No. 19 at 3, Dkt. No. 19-6. The $553.03 effective hourly rate is reasonable. *See Crawford*, 586 F.3d at 1153 (finding reasonable effective hourly rates of $519, $875, and $902); *ROBERTO D., Plaintiff, v. MARTIN O'MALLEY, Comm'r of Soc. Sec., Defendant*., No. 3:20-cv-0639-AHG, 2024 WL 2097901, at *2 (S.D. Cal. May 9, 2024) (approving a *de facto* hourly rate of $943.22 for 12.42 hours of work).

Counsel "assumed significant risk" in accepting this case, "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving" the case. *Crawford*, 586 F.3d at 1152; *see also Moreno v. Berryhill*, No. 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) (explaining the "risk of nonpayment inherent in a contingency agreement").

There also is no evidence of delay or substandard performance that would warrant a reduction in fees. In fact, counsel's representation resulted in Plaintiff receiving a favorable decision and an award of past-due benefits.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's counsel's Motion for Fees Pursuant to 42 U.S.C. § 406(b) and/or 1383(d)(2) in the amount of $8,019 (Dkt. No. 19).

The Commissioner is **DIRECTED** to certify payment of a fee award of **$8,019**, made payable to William M. Kuntz, PLC and delivered to William Mark Kuntz, out of Plaintiff's past-due benefits in accordance with agency policy.

The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff **$3,041.67** as an offset for the EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated:  May 20, 2024

_____
Honorable Daniel E. Butcher
United States Magistrate Judge